IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

BRENT BARDALES,
individually and on behalf of all
others similarly situated,

       Plaintiff,

vs.

eWORLDTRADE LLC,
a Delaware limited liability company,

       Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff, Brent Bardales, brings this class action against Defendant, eWorldTrade LLC, and alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1.     This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., (the "TCPA").

2.     To promote its business-to-business on-line marketplace, Defendant engages in intrusive text messaging marketing, with little regard for consumers' privacy rights.

3.     Defendant transmits its telemarketing text messages without first obtaining the express consent of recipients.

4.     Through this action, Plaintiff seeks injunctive relief to halt Defendant's conduct which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals nationwide. Plaintiff also seeks statutory damages on behalf

1

himself and members of the class, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

## JURISDICTION AND VENUE

5.     Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute.  Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant.

6.     Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

7.     Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction.  Further, Defendant's tortious conduct against Plaintiff occurred within the State of Florida and, on information and belief, Defendant has sent the same text messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the State of Florida.

## PARTIES

8. Plaintiff is a natural person and resident of Miami-Dade County, Florida

9. Defendant is a Delaware corporation whose principal place of business is located at 1910 Pacific Ave., Dallas, Texas 75201. Defendant directs, markets, and provides its business activities throughout the United States, including the State of Florida.

## THE TCPA

10. The TCPA regulates and restricts the use of automatic telephone equipment, and protects consumers from unwanted text messages that are made with autodialers.

11. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system or prerecorded message; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

12. The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

13. In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

14. The Federal Communications Commission is empowered to issue rules and regulations implementing the TCPA. In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior express **written** consent" for such calls to wireless numbers. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012)(emphasis supplied).

15. To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

16. The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12). In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication. *See Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

17. "Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'" *Id.* (citing *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)).

18. "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." *Golan*, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

19. The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶¶ 139-142

(2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call *or in the future*. *Id*.

20. In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 136 (2003).

21. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

22. Moreover, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc*., 569 F.3d 946, 952 (9th Cir. 2009) (The FCC has determined that a text message falls within the meaning of "to make any call" in 47 U.S.C. § 227(b)(1)(A)); *Toney v. Quality Res., Inc*., 2014 WL 6757978, at *3 (N.D. Ill. Dec. 1, 2014) (Defendant bears the burden of showing that it obtained Plaintiff's prior express consent before sending her the ***text message***). (emphasis added).

23. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone*

*Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

24.     Thus, it is well-established that a plaintiff alleging a violation of the TCPA "need not allege any additional harm beyond the one Congress has identified." *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017)).

<u>FACTS SPECIFIC TO PLAINTIFF</u>

25.     On or about August 2, 2017, Defendant caused the following automated text message to be sent to Plaintiff's cellular telephone number ending in 8558 (the "8558 Number"):



26.     The text message received by Plaintiff originated from short-code 786-45, a number owned and operated by Defendant.

27.     The link contained in the text message received by Plaintiff is a link to Defendant's website (www.eworldtrade.com), where Defendant advertises its business-to-business marketplace services.  Therefore, Defendant's text message constitutes telemarketing because it encouraged the future purchase or investment in Defendant's services.

28.     Plaintiff received the subject text within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district.  Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

6

29. Plaintiff has never visited Defendant's website or used Defendant's services, and has never had any type of relationship with Defendant.

30. Plaintiff did not provide Defendant his telephone number, and did not provide any type of consent to receive automated text messages from Defendant.

31. Plaintiff is the subscriber and sole user of the 8558 Number, and is financially responsible for phone service to the 8558 Number.

32. Through its telemarketing calls, Defendant violated Plaintiff's substantive rights under the TCPA.

33. Defendant's TCPA violation caused Plaintiff a particularized and concrete injury. Plaintiff personally received an automated/prerecorded telemarketing call from Defendant on his cellular telephone. Further, Plaintiff suffered the following injuries:

    a. Invasion of his privacy;

    b. Inconvenience;

    c. Unwanted occupation of his time and mental energy;

    d. Unwanted occupation of his cellular telephone;

    e. Nuisance;

    f. Trespass on his cellular telephone; and

    g. Aggravation and annoyance.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

35. Plaintiff represents, and is a member of the following classes:

> **All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message made through the use of an automatic telephone dialing system, from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number, who had not expressly consented to receiving such calls**

### Numerosity

36. Upon information and belief, the members of the class are believed to number in the thousands or millions such that joinder of all members is impracticable.

37. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### Common Questions of Law and Fact

38. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

   a. Whether Defendant sent non-emergency text messages to Plaintiff's and Class members' cellular telephones using an autodialer;

   b. Whether Defendant can meet its burden of showing that it obtained prior express consent to make such calls;

    c. Whether Defendant's conduct was knowing and willful;

    d. Whether Defendant is liable for damages, and the amount of such damages; and

    e. Whether Defendant should be enjoined from such conduct in the future.

39. The common questions in this case are capable of having common answers. Defendant routinely places automated calls to telephone numbers assigned to cellular telephones thus, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### Typicality

40. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### Protecting the Interests of the Class Members

41. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained counsel who is experienced in prosecuting class actions. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### Proceeding Via Class Action is Superior and Advisable

42. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Classes are economically unfeasible and procedurally impracticable.  While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their

own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

43. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the Class)

44. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

45. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a…cellular telephone service…." 47 U.S.C. § 227(b)(1)(A)(iii).

46. Defendant – or third parties directed by Defendant – used equipment having the capacity to dial numbers without human intervention to transmit text messages to the cellular telephones of Plaintiff and Class Members.

47. These calls were made without regard to whether Defendant had first obtained express consent to make such calls. In fact, Defendants did not have prior express consent to call the cell phones of Plaintiff and Class Members when the subject calls were made.

48. Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system transmit telemarketing text messages to the cell phones of Plaintiff and Class Members without their prior express written consent.

49. As a result of Defendant's conduct, and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the Class Members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls.

**WHEREFORE**, Plaintiff, Brent Bardales, on behalf of himself and the other members of the Class, pray for the following relief:

   a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

   b. An injunction prohibiting Defendant from using an automatic telephone dialing system to call and text message telephone numbers assigned to cellular telephones without the prior express permission of the called party;

   c. An award of actual and statutory damages; and

   d. Such further and other relief the Court deems reasonable and just.

### COUNT II
### Knowing and/or Willful Violation of the TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the Class)

50. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

51. At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

52. Specifically, upon information and belief, Defendant has received one or more

complaints from recipients of its telemarketing text messages.

53. Despite these consumer complaints, Defendant continues to engage in spam text messaging to promote its services.

54. Defendant knew that it did not have prior express consent to send these text messages, and knew or should have known that its conduct was a violation of the TCPA.

55. Because Defendant knew or should have known that Plaintiff and Class Members had not given prior express consent to receive its autodialed calls, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

56. As a result of Defendant's violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff, Brent Bardales, on behalf of himself and the other members of the Class, pray for the following relief:

a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b. An injunction prohibiting Defendant from using an automatic telephone dialing system to call and text message telephone numbers assigned to cellular telephones without the prior express permission of the called party;

c. An award of actual and statutory damages; and

d. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the Defendant and the communication or transmittal of the text messages and calls as alleged herein

Dated: August 30, 2017

                Respectfully submitted,

                **HIRALDO P.A.**

                */s/ Manuel S. Hiraldo*
                Manuel S. Hiraldo
                Florida Bar No. 030380
                401 E. Las Olas Boulevard
                Suite 1400
                Ft. Lauderdale, Florida 33301
                Email: mhiraldo@hiraldolaw.com
                Telephone: 954.400.4713

                and

                **SHAMIS & GENTILE, P.A.**

                */s/ Andrew J. Shamis*
                Andrew J. Shamis
                Florida Bar No. 101754
                *efilings@sflinjuryattorneys.com*
                14 NE 1st Avenue, Suite 400
                Miami, Florida  33132
                (t) (305) 479-2299
                (f) (786) 623-0915